$400

RBS

FILED

MAR 1 0 2017

KATE BARKMAN, Clerk
By_____Dep. Clerk

THE DOWNEY LAW FIRM, LLC
Philip A. Downey (Pa 81603)
P.O. Box 1021
Unionville, PA 19375

TROY LAW, PLLC
John Troy (JT 0481)
* to be admitted *pro hac vice*
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel:    (718) 762-1324

*Attorneys for the Plaintiffs, proposed FLSA
Collective and Proposed Class Plaintiffs*

**17     1073**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

Case No: 17-cv-

-------------------------------------------------------------x

RUI TONG,
WEIJIAN TANG,
YA-TANG CHI a/k/a Tom Chi,
CHUAN GENG,
KUN YANG, and
JUNYI XIE
*on behalf of themselves and others similarly situated*
                                    Plaintiffs,

                    v.

HENDERSON KITCHEN INC.
        d/b/a Pinwei Restaurant;
CHAO HSIUNG KUO
        a/k/a Gary Kuo, and
YENG-LUNG KUO,

                            Defendants.
-------------------------------------------------------------x

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**F.R.C.P. 23  CLASS ACTION**

**COMPLAINT**

Plaintiffs RUI TONG, WEIJIAN TANG, YA-TANG CHI a/k/a Tom Chi, CHUAN

GENG, KUN YANG, and JUNYI XIE (hereafter referred to as "Plaintiffs"), on behalf of

themselves and other similarly situated, by and through their attorney, The Downey Law Firm

LLC, and Troy Law, PLLC, hereby bring this complaint against Defendants HENDERSON

KITCHEN INC. d/b/a Pinwei Restaurant, CHAO HSIUNG KUO a/k/a GARY KUO, and

YENG-LUNG KUO and allege as follows:

## **INTRODUCTION**

1. This action is brought by Plaintiffs, on behalf of themselves as well as other similarly situated employees against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.* ("PAMWA"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime wages compensation, (3) the full portion of tips illegally retained by the boss, CHAO HSIUNG KUO a/k/a GARY KUO, and lady boss, YENG-LUNG KUO, (4) the full portion of tips used to pay non-tipped employees, including hosts and hostesses, cashiers, and packers, (5) liquidated damages, (6) prejudgment and post-judgment interest; and/or (7) attorneys' fees and costs.

3. Plaintiffs further allege pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.* ("PAMWA") that they are entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime wages compensation, (3) the full portion of tips illegally retained by the boss, CHAO HSIUNG KUO a/k/a GARY KUO, (name unknown) and lady boss, YENG-LUNG KUO, (4) the full portion of tips used to pay non-tipped employees, including hosts and hostesses, cashiers, and packers, (5) liquidated damages, (6) prejudgment and post-judgment interest; and/or (7) attorneys' fees and costs.

4. Defendants have further willfully and intentionally committed widespread violations of

the FLSA and PAMWA by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, minimum wage and overtime compensation for all hours worked over forty (40) each workweek.

5. Defendants have willfully and intentionally committed widespread violations of the FLSA and PAMWA.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

8. Plaintiff RUI TONG ("TONG") was employed by HENDERSON KITCHEN INC. d/b/a Pinwei Restaurant located at 314 South Henderson Road, Suite C, King of Prussia, PA 19406.

9. Plaintiff WEIJIAN TANG ("TANG") was employed by HENDERSON KITCHEN INC. d/b/a Pinwei Restaurant located at 314 South Henderson Road, Suite C, King of Prussia, PA 19406.

10. Plaintiff YA-TANG CHI a/k/a Tom Chi ("CHI") was employed by HENDERSON KITCHEN INC. d/b/a Pinwei Restaurant located at 314 South Henderson Road, Suite C, King of Prussia, PA 19406.

11. Plaintiff CHUAN GENG ("GENG") was employed by HENDERSON KITCHEN INC.

d/b/a Pinwei Restaurant located at 314 South Henderson Road, Suite C, King of Prussia, PA 19406.

12. Plaintiff KUN YANG ("YANG") was employed by HENDERSON KITCHEN INC. d/b/a Pinwei Restaurant located at 314 South Henderson Road, Suite C, King of Prussia, PA 19406.

13. Plaintiff JUNYI XIE ("XIE") was employed by HENDERSON KITCHEN INC. d/b/a Pinwei Restaurant located at 314 South Henderson Road, Suite C, King of Prussia, PA 19406.

## DEFENDANTS

### *Corporate Defendants*

14. Defendant HENDERSON KITCHEN INC. d/b/a Pinwei Restaurant is a domestic business corporation organized under the laws of the State of Pennsylvania with a principal address at 314 South Henderson Road, Suite C, King of Prussia, PA 19406.

15. Defendant HENDERSON KITCHEN INC. d/b/a Pinwei Restaurant produces, purchases and handles goods moved in interstate commerce.

16. Defendant HENDERSON KITCHEN INC. d/b/a Pinwei Restaurant is an enterprise engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

### *Owner/ Operator Defendants*

17. CHAO HSIUNG KUO a/k/a Gary Kuo is known as the "BOSS" of HENDERSON KITCHEN INC. d/b/a Pinwei Restaurant by Plaintiffs.

18. CHAO HSIUNG KUO a/k/a Gary Kuo, the Boss, (1) had the power to hire and fire

employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment of employees, and (4) maintained employee records.

19. CHAO HSIUNG KUO a/k/a Gary Kuo, the Boss, did hire and fire: WEIJIAN TANG, YA-TANG CHI a/k/a Tom Chi, CHUANG GENG, KUN YANG, and JUNYI XIE.

20. CHAO HSIUNG KUO a/k/a Gary Kuo, the Boss, also serves as the Foodservice Sanitation Manager of the restaurant.

21. CHAO HSIUNG KUO a/k/a Gary Kuo acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2 and the regulations thereunder, and is jointly and severally liable with HENDERSON KITCHEN INC. d/b/a Pinwei Restaurant.

22. YENG-LUNG KUO is known as the "LADY BOSS" of HENDERSON KITCHEN INC. d/b/a Pinwei Restaurant by Plaintiffs.

23. YENG-LUNG KUO, the Boss, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment of employees, and (4) maintained employee records.

24. YENG-LUNG KUO, the Boss, did hire and fire: WEIJIAN TANG, YA-TANG CHI a/k/a Tom Chi, CHUANG GENG, KUN YANG, and JUNYI XIE.

25. YENG-LUNG KUO acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2 and the regulations thereunder, and is jointly and severally liable with HENDERSON KITCHEN INC. d/b/a Pinwei Restaurant.

26. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/ or

conditions have been waived.

## STATEMENT OF FACTS

27. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

28. Pursuant to 29 USC 203 (m), an employer cannot take credit towards the basic minimum wage if a service employee or food service worker has not received notification of the tip credit.

29. Further, Plaintiffs were required to commit part of their work day in non-tipped work.

30. This non-tipped work exceeds two hours or twenty percent (20%) of the Plaintiffs' workday.

31. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees at least the Pennsylvania minimum wage for each hour worked.

32. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully overtime compensation of one and one half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

33. While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

34. Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

35. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

36. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with Time of Hire Notice in English and in Chinese (Plaintiffs' primary language) reflecting true rates of pay and payday as well as paystub that lists

employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day as required by NYLL §195(1).

37. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

38. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

### *Plaintiff RUI TONG*

39. From on or about January 1, 2015 to the present day, Plaintiff RUI TONG is employed by Defendants to work as a waiter for HENDERSON KITCHEN INC. d/b/a Pinwei Restaurant located at 314 South Henderson Road, King of Prussia, PA 19406.

40. From on or about January 1, 2015 to the present day, Plaintiff RUI TONG worked for HENDERSON KITCHEN INC. d/b/a Pinwei Restaurant located at 314 South Henderson Road, King of Prussia, PA 19406 from:

    a. 10:30 to 21:30 for eleven (11) hours a day for three (3) days from Monday through Thursday, for thirty three (33) hours each week;

    b. 10:30-22:00 for eleven and a half (11.5) hours for two days from Friday and Saturday for twenty three (23) hours each week; and

    c. 11:30 to 21:00 for nine and a half (9.5) a day on Sunday.

41. On average, Plaintiff worked around sixty five and a half (65.5) hours per week.

42. Plaintiff RUI TONG was paid seven hundred dollars ($700) every week.

43. Upon information and belief, Defendants intentionally failed to keep full and accurate records of Plaintiff RUI TONG's hours in order to mitigate liability for their wage violations.

44. At all relevant times, though RUI TONG was hired as a waiter, he had to pack wanton, dumpling, prepare four season bean, snow pea, mop the restroom, clean the glass and chair, fill the soda, and mechanic work including cleaning the walkway, shoving the snow, and do delivery (with no tips).

45. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff RUI TONG and similarly situated employees at least the Pennsylvania minimum wage for each hour worked.

46. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff RUI TONG his lawfully overtime compensation of one and one half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

47. While employed by Defendants, Plaintiff WEIJIAN TANG was not exempt under federal and state laws requiring employers to pay employees overtime.

48. At all relevant times, Plaintiff WEIJIAN TANG was required to clock in and clock out.

49. At all relevant times, there was no break at the restaurant.

50. Plaintiff was not given a fixed meal break. Rather, Plaintiff WEIJIAN TANG was expected to eat when the business was not busy and when there are no delivery orders/ side jobs to be done.

51. Plaintiff would take around ten (10) minutes for breakfast, fifteen (15) minutes for lunch, and ten (10) minutes for dinner.

52. Plaintiff WEIJIAN TANG was also not informed of his hourly pay rate or any tip deductions toward the minimum wage, and he was not paid overtime pay for overtime work.

53. Furthermore, Defendants never informed Plaintiff WEIJIAN TANG that there were taking tip credit towards the minimum wage.

## *Plaintiff WEIJIAN TANG*

54. From on or about January 23, 2015 to August 31, 2015, Plaintiff WEIJIAN TANG was employed by Defendants to work as a waiter for HENDERSON KITCHEN INC. d/b/a Pinwei Restaurant located at 314 South Henderson Road, King of Prussia, PA 19406.

55. From on or about January 23, 2015 to August 31, 2015, Plaintiff WEIJIAN TANG worked for HENDERSON KITCHEN INC. d/b/a Pinwei Restaurant located at 314 South Henderson Road, King of Prussia, PA 19406 from:

   d. 10:30 to 21:30 for eleven (11) hours a day for three (3) days from Monday through Thursday, for thirty three (33) hours each week;

   e. 10:30-22:00 for eleven and a half (11.5) hours for two days from Friday and Saturday for twenty three (23) hours each week; and

   f. 11:30 to 21:00 for nine and a half (9.5) a day on Sunday.

56. On average, Plaintiff worked around sixty five and a half (65.5) hours per week.

57. Plaintiff WEIJIAN TANG was paid one thousand five hundred dollars ($1,500) every half a month.

58. Upon information and belief, Defendants intentionally failed to keep full and accurate records of Plaintiff WEIJIAN TANG's hours in order to mitigate liability for their wage violations.

59. At all relevant times, though WEIJIAN TANG was hired as a waiter, he had to pack wanton, dumpling, prepare four season bean, snow pea, mop the restroom, clean the glass and chair, fill the soda, and mechanic work including cleaning the walkway, shoving the snow, and do

9 of 26

delivery (with no tips).

60. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff WEIJIAN TANG and similarly situated employees at least the Pennsylvania minimum wage for each hour worked.

61. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff WEIJIAN TANG his lawfully overtime compensation of one and one half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

62. While employed by Defendants, Plaintiff WEIJIAN TANG was not exempt under federal and state laws requiring employers to pay employees overtime.

63. At all relevant times, Plaintiff WEIJIAN TANG was required to clock in and clock out.

64. At all relevant times, there was no break at the restaurant.

65. Plaintiff was not given a fixed meal break. Rather, Plaintiff WEIJIAN TANG was expected to eat when the business was not busy and when there are no delivery orders/ side jobs to be done.

66. Plaintiff would take around ten (10) minutes for breakfast, fifteen (15) minutes for lunch, and ten (10) minutes for dinner.

67. Plaintiff WEIJIAN TANG was also not informed of his hourly pay rate or any tip deductions toward the minimum wage, and he was not paid overtime pay for overtime work.

68. Furthermore, Defendants never informed Plaintiff WEIJIAN TANG that there were taking tip credit towards the minimum wage.

*Plaintiff YA-TANG CHI a/k/a Tom Chi*

69. From on or about January 11, 2014 to March 30, 2014, and again from May 1, 2014 to July 31, 2014 and again from December 23, 2014 to March 1, 2015, Plaintiff YA-TANG CHI

a/k/a Tom Chi was employed by Defendants to work as a waiter for HENDERSON KITCHEN INC. d/b/a Pinwei Restaurant located at 314 South Henderson Road, King of Prussia, PA 19406.

70. At all relevant times, Plaintiff YA-TANG CHI a/k/a Tom Chi worked for HENDERSON KITCHEN INC. d/b/a Pinwei Restaurant located at 314 South Henderson Road, King of Prussia, PA 19406 from:

    a. 10:30 to 21:30 for eleven (11) hours a day for three (3) days from Monday through Thursday, for thirty three (33) hours each week;

    b. 10:30-22:00 for eleven and a half (11.5) hours for two days from Friday and Saturday for twenty three (23) hours each week; and

    c. 11:30 to 21:00 for nine and a half (9.5) a day on Sunday.

71. There are 5 weeks where Plaintiff worked a seventh (7th) day by working an extra day off on Monday through Thursday

72. On average, Plaintiff YA-TANG CHI a/k/a Tom Chi worked around sixty five and a half (65.5) hours per week.

73. From January 1, 2014 to March 30, 2014, Plaintiff YA-TANG CHI a/k/a Tom Chi was paid one thousand four hundred dollars ($1,400) every half a month.

74. From May 1, 2014 to July 31, 2014, Plaintiff YA-TANG CHI a/k/a Tom Chi was paid one thousand five hundred dollars ($1,500) every half a month.

75. From August 1, 2014 to December 22, 2014, Plaintiff YA-TANG CHI a/k/a Tom Chi was paid one thousand six hundred fifty dollars ($1,650) every half a month.

76. From December 23, 2014 to March 1, 2015, Plaintiff YA-TANG CHI a/k/a Tom Chi was paid one thousand seven hundred fifty dollars ($1,750) every half a month.

77. Upon information and belief, Defendants intentionally failed to keep full and accurate records of Plaintiff YA-TANG CHI a/k/a Tom Chi's hours in order to mitigate liability for their wage violations.

78. At all relevant times, though YA-TANG CHI a/k/a Tom Chi was hired as a waiter, he had to pack wanton, dumpling, prepare four season bean, snow pea, mop the restroom, clean the glass and chair, fill the soda, and mechanic work including cleaning the walkway, shoving the snow, and do delivery (with no tips).

79. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff YA-TANG CHI a/k/a Tom Chi and similarly situated employees at least the Pennsylvania minimum wage for each hour worked.

80. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff YA-TANG CHI a/k/a Tom Chi his lawfully overtime compensation of one and one half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

81. While employed by Defendants, Plaintiff YA-TANG CHI a/k/a Tom Chi was not exempt under federal and state laws requiring employers to pay employees overtime.

82. At all relevant times, Plaintiff YA-TANG CHI a/k/a Tom Chi was required to clock in and clock out.

83. Plaintiff was not given a fixed meal break. Rather, Plaintiff YA-TANG CHI a/k/a Tom Chi was expected to eat when the business was not busy and when there are no delivery orders/ side jobs to be done.

84. Plaintiff would take around ten (10) minutes for breakfast, fifteen (15) minutes for lunch, and ten (10) minutes for dinner.

85. Plaintiff YA-TANG CHI a/k/a Tom Chi was also not informed of his hourly pay rate or any

tip deductions toward the minimum wage, and he was not paid overtime pay for overtime work.

86. Furthermore, Defendants never informed Plaintiff YA-TANG CHI a/k/a Tom Chi that there were taking tip credit towards the minimum wage.

### *Plaintiff CHUAN GENG*

87. From on or about January 31, 2015 to August 21, 2015 and again from September 11 to July 21, 2016, Plaintiff CHUAN GENG was employed by Defendants to work as a waiter for HENDERSON KITCHEN INC. d/b/a Pinwei Restaurant located at 314 South Henderson Road, King of Prussia, PA 19406.

88. At all relevant times, Plaintiff CHUAN GENG worked for HENDERSON KITCHEN INC. d/b/a Pinwei Restaurant located at 314 South Henderson Road, King of Prussia, PA 19406 from:

      d. 10:30 to 21:30 for eleven (11) hours a day for three (3) days from Monday through Thursday, for thirty three (33) hours each week;

      e. 10:30-22:00 for eleven and a half (11.5) hours for two days from Friday and Saturday for twenty three (23) hours each week; and

      f. 11:30 to 21:00 for nine and a half (9.5) a day on Sunday.

89. On average, Plaintiff CHUAN GENG worked around sixty five and a half (65.5) hours per week.

90. Plaintiff CHUAN GENG was a busser from on or about January 31, 2015 to August 21, 2015.

91. Plaintiff CHUAN GENG was a waiter from on or about September 11, 2016 to July 21, 2016.

92. From January 31, 2015 to February 28, 2015, Plaintiff YA-TANG CHI a/k/a Tom Chi was paid nine hundred dollars ($900) every half a month.

93. From March 1, 2015 to April 30, 2015, Plaintiff YA-TANG CHI a/k/a Tom Chi was paid one thousand one hundred dollars ($1,100) every half a month.

94. From May 1, 2015 to August 21, 2015, Plaintiff YA-TANG CHI a/k/a Tom Chi was paid one thousand six hundred fifty dollars ($1,650) every half a month.

95. From December 23, 2014 to March 1, 2015, Plaintiff YA-TANG CHI a/k/a Tom Chi was paid one thousand seven hundred fifty dollars ($1,750) every half a month.

96. Upon information and belief, Defendants intentionally failed to keep full and accurate records of Plaintiff YA-TANG CHI a/k/a Tom Chi's hours in order to mitigate liability for their wage violations.

97. At all relevant times, though YA-TANG CHI a/k/a Tom Chi was hired as a waiter, he had to pack wanton, dumpling, prepare four season bean, snow pea, mop the restroom, clean the glass and chair, fill the soda, and mechanic work including cleaning the walkway, shoving the snow, and do delivery (with no tips).

98. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff YA-TANG CHI a/k/a Tom Chi and similarly situated employees at least the Pennsylvania minimum wage for each hour worked.

99. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff YA-TANG CHI a/k/a Tom Chi his lawfully overtime compensation of one and one half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

100.  While employed by Defendants, Plaintiff YA-TANG CHI a/k/a Tom Chi was not exempt under federal and state laws requiring employers to pay employees overtime.

101. At all relevant times, Plaintiff YA-TANG CHI a/k/a Tom Chi was required to clock in and clock out.

102. Plaintiff was not given a fixed meal break. Rather, Plaintiff YA-TANG CHI a/k/a Tom Chi was expected to eat when the business was not busy and when there are no delivery orders/ side jobs to be done.

103. Plaintiff would take around ten (10) minutes for breakfast, fifteen (15) minutes for lunch, and ten (10) minutes for dinner.

104. Plaintiff YA-TANG CHI a/k/a Tom Chi was also not informed of his hourly pay rate or any tip deductions toward the minimum wage, and he was not paid overtime pay for overtime work.

105. Furthermore, Defendants never informed Plaintiff YA-TANG CHI a/k/a Tom Chi that there were taking tip credit towards the minimum wage.

## COLLECTIVE ACTION ALLEGATIONS

106. Plaintiffs bring this action individually and as class representative individually and on behalf of all other and former non-exempt employees, including Cashiers, Choppers, Delivery Staff, Dishwashers, Prep Cooks, and Toppers, who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at least the hourly minimum wage and/or overtime compensation of at least one and one half times the state minimum wage for all hou

107. rs worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

108. Plaintiffs bring their Pennsylvania Minimum Wage Act of 1968 claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

109. All said persons, including Plaintiffs, are referred to herein as the "Class."

110. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

### *Numerosity*

111. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

### *Commonality*

112. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a. Whether Defendant employed Plaintiffs and the Class within the meaning of the

PAMWA;

b. Whether Plaintiffs and Class members are paid at least the minimum wage for each hour worked under PAMWA;

c. Whether Plaintiffs and Class members are entitled to and paid overtime under PAMWA;

d. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class spread-of-hours pay as required by the PAMWA;

e. Whether Defendants maintained a common policy, pattern and/or practice of failing to provide requisite statutory meal periods;

f. Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs and the Rule 23 Class's start of employment and/or or timely thereafter;

g. Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiffs and the Rule 23 class on each payday;

h. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work;

### *Typicality*

113. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay at least the minimum wage for each hour worked and overtime compensation at one and a half times the minimum wage for each hour worked. Defendants' corporate wide policies and practices affected all Class

members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

114. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent representing Plaintiffs in both class action and wage and hour employment litigation cases.

*Superiority*

115. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving

of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

116. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.

#### [Violations of the Fair Labor Standards Act—Minimum Wage Brought on behalf of the Plaintiff and the FLSA Collective]

117. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

118. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the similarly situated collective action members, for some or all of the hours they worked.

119. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

120. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
### [Violation of Pennsylvania Minimum Wage Act
### Brought on behalf of Plaintiff and Rule 23 Class]

121. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

122. At all relevant times, Plaintiffs were employed by Defendants within the meaning of PA MWA§§3(d).

123. At all relevant times, Defendants were obligated to comply with the PAMWA's requirements, and Plaintiffs and the Class members were covered employees entitled to PAMWA's protections.

124. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

125. Defendants knowingly and willfully violated Plaintiffs' and similarly situated Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

126. PAMWA § 13 expressly allows private plaintiffs to bring civil actions to enforce an

employers' failure to comply with the MWA's requirements.

127. PAMWA § 13 expressly provides that an agreement between the employer and employee to work for less than the required minimum wage is not a defense to an action seeking to recover unpaid minimum wages.

128. As a direct and proximate result of Defendants' willful and unlawful violations of the PAMWA, Plaintiffs and the members of the Rule 23 Class are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]

129. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

130. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

131. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

132. Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

133. At all relevant times, Defendants had, and continue to have, a policy of practice of

refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

134. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

135. Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

136. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT IV.
### [Violation of Pennsylvania Minimum Wage Act—Unpaid Overtime Brought on behalf of Plaintiff and Rule 23 Class]

137. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

138. Under the PAMWA Article 43, §§333.105(a)-(c), *et seq*, and the supporting Pennsylvania Department of Labor Regulations & industry regulations, defendants are required to pay Plaintiffs and Rule 23 Class members one and one half (1.5) times the regular rate of pay for all hours they worked in excess of forty (40) hours in a workweek.

139. Defendants have failed to pay Plaintiffs and Rule 23 Class members the overtime to which they are entitled under the PAMWA.

140. Defendants have willfully violated the PAMWA by knowingly and intentionally failing to pay Plaintiffs and the Rule 23 Class Members overtime wages.

141. Due to Defendants' willful violations of the PAMWA, Plaintiffs and the Rule 23 Class Members were entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

142. Defendants' failure to pay Plaintiffs were not in good faith.

## COUNT V.
### [Civil damages for fraudulent filing of IRS returns. Violations of 26 USC §7434 Brought on behalf of the Plaintiff]

143. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

144. 26 USC §7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

145. Due to Defendants' violations of 26 USC §7434, Plaintiffs are entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the plaintiffs as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalves, and on the behalf of the FLSA Collective

Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a)  Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b)  Certification of this case as a collective action pursuant to FLSA;

c)  Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d)  A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)  An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)  An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiff and the Collective Action members plus compensatory

and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h) Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

i) Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j) Reimbursement of reasonable out-of-pocket costs sustained by Plaintiffs and similarly situated deliverymen in the purchase, maintenance and repair of their delivery auto-bicycle in direct service of Defendants;

k) An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

l) An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

m) The cost and disbursements of this action;

n) An award of prejudgment and post-judgment fees;

o) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

p) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
       February 18, 2017

THE DOWNEY LAW FIRM, PLC

/s/ Philip Downey
Philip A. Downey (Pa 81603)
P.O. Box 1021
Unionville, PA 19375
Tel: (610) 324-2848
Email: downeyjustice@gmail.com

TROY LAW, PLLC
John Troy (JT0481)
* to be admitted *pro hac vice*
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Email: johntroy@troypllc.com

*Attorneys for the Plaintiffs, proposed FLSA
Collective and Proposed Class Plaintiffs*

TROY LAW, PLLC
*Attorneys for the Plaintiff, and proposed FLSA*
*Collective Class*
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel:    (718) 762-1324

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA
-----------------------------------------------------------------X
RUI TONG,                                          **Case No: 17-cv-**
WEIJIAN TANG,
YA-TANG CHI a/k/a Tom Chi,
CHUAN GENG,                                        **CONSENT TO JOIN FORM**
KUN YANG, and
JUNYI XIE
*on behalf of themselves and others similarly situated*
                                          Plaintiffs,

            v.
HENDERSON KITCHEN INC.
        d/b/a Pinwei Restaurant;
CHAO HSIUNG KUO a/k/a Gary Kuo, and
YENG-LUNG KUO,
                                    Defendants
-----------------------------------------------------------------X

By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair
Labor Standards Act action under Section 216 (b) of the FLSA and agree to act as a
representative of others similarly situated and to make decisions on my behalf and on behalf of
others similarly situated concerning the litigation, the method and manner of conduction this
litigation, and all other matters pertaining to this lawsuit.


_____          _____
Print Name                                Sign Name

_____          _____
Address                                   Telephone

_____          _____
Address                                   Date

TO:

THE DOWNEY LAW FIRM, LLC
P.O. Box 1021
Unionville, PA 19375
(610) 324-2848


TROY LAW, PLLC
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
(718) 762-1324

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for ONE THIRD (1/3) or such

amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Philip A. Downey
Philip A. Downey
THE DOWNEY LAW FIRM, LLC
P.O. Box 1021
Unionville, PA 19375
Tel: (610) 324-2848

/s/ John Troy
John Troy
TROY LAW, PLLC
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel: (718) 762-1324



Under the FLSA and NYLL, taking **<u>adverse</u>** **<u>actions</u>** (firing and demoting, stalking and harassing) against **Plaintiff(s)** in retaliation for having brought this Complaint is **<u>ILLEGAL</u>** and **<u>PUNISHABLE BY LAW.</u>**

# <u>Consult your attorney.</u>

# Settlement under the table is <u>prohibited</u> by the law.



Once a wage-and-hour case is filed in the federal district court, any settlement must be reviewed by the Court and approved as fair and reasonable by the Judge under *Cheeks v. Pancake House, Inc.*

# <u>Consult your attorney.</u>