IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------X
RUI TONG,
WEIJIAN TANG,
YA-TANG CHI a/k/a Tom Chi,
CHUAN GENG,
KUN YANG, and
JUNYI XIE

              Plaintiffs

    v.

HENDERSON KITCHEN INC.
    d/b/a Pinwei Restaurant;
CHAO HSIUNG KUO
    a/k/a Gary Kuo, and
YENG-LUNG KUO,

             Defendants.
------------------------------------------------------------X

**Case No. 17-cv-01073**

## DEFENDANTS' POST TRIAL MEMORANDUM

Pursuant to the Court's Orders of October 30, 2019 (ECF No. 112) and December 4, 2019 (ECF 118), Defendants submit this Post Trial Memorandum.

**I.  STATEMENT OF THE NATURE AND STATUS OF THE AMENDED COMPLAINT**

    **A.  Statement of Plaintiffs' Allegations and Claims**

Plaintiffs' filed their initial Complaint on March 10, 2017. The case was assigned to the Honorable Judge R. Barclay Surrick. In their initial Complaint, Plaintiffs asserted that Defendants violated the Federal [sic] Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), and the Pennsylvania Wage Payment and Collection Law ("PWPCL") for various alleged willful and unlawful employment policies, patterns and/or

1

practices in their operation and/or management of the employees of Defendant Henderson Kitchen d/b/a/ Pin Wei Restaurant.  **These claims were asserted by each one of the six individual Plaintiffs.**

On April 11, 2017 (ECF No. 14), Defendants filed a Partial Motion to Dismiss Counts I, II, V, VI, and VII of the original Complaint (ECF No.1). Having seen Defendants' Motion to Dismiss, Plaintiffs chose to file an Amended Complaint on May 2, 2017 (ECF No. 17) to address the deficiencies pointed out in the Partial Motion to Dismiss. According to Plaintiffs' amended allegations, Plaintiffs were all employees of the Restaurant at various lengths of time from January 11, 2014 to July 22, 2016.  (Amended Complaint at ¶¶9-14, 39, 55, 71, 90, 110 and 128).  These six Plaintiffs also assert that they were paid different and varied salaries but that they all worked "on average" "around 65.5 hours per week" (including approximately 35 minute daily meal periods) at the Restaurant except for Plaintiff Yang who worked 54.4 hours per week for a period of time and Plaintiff Xie who claims to have worked "around sixty-six (66) hours per week." (Amended Complaint at ¶¶ 39, 40, 41, 42, 50, 51, 56, 57, 66, 67, 72-78, 85, 86, 91-98, 105, 106, 111-116, 123, 124, 129-133, 138 and 139). These six named Plaintiffs also allege that they performed a variety of restaurant related tasks.  (Amended Complaint at ¶¶44, 60, 80, 100, 118 and 128).

On these allegations, Plaintiffs claim that Defendants have violated the Federal [sic] Labor Standards Act for "various willful and unlawful employment policies, patterns and/or practices" in their operation and/or management of the employees of Pin Wei Restaurant. (Amended Complaint at ¶1). In particular, **only** Plaintiffs Geng and Xie claim in **Count I** that
Defendants violated the FLSA by failing to pay these two Plaintiffs and putative collective class member employees of the Restaurant (1) the minimum wage required by the FLSA, and (2) in **Count III**, all named Plaintiffs claim that Defendants violated the overtime wage payment required by the FLSA**.**

On these allegations, **only** Plaintiffs Geng and Xie, and putative class members[1], also claim the same minimum wage violations relying on the Pennsylvania Minimum Wage Act ("PMWA") **(Count II)**, and all named Plaintiffs claim unpaid overtime violations of the PMWA **(Count IV)**.

Also, Plaintiffs assert in **Count V and Count VI** that Defendants allegedly "illegally" retained Plaintiffs' "Tips" in violation of the FLSA and the PMWA.

Lastly, in **Count VII** Plaintiffs alleged that they were not paid "all wages owed to them" in violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§260.1 *et seq*. ("PWPCL").

### B.  Plaintiffs' Invocation of Jurisdiction

Plaintiffs have asserted, and Defendants do not disagree, that this Court has original federal Court jurisdiction over this controversy under 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §1332, and has supplemental jurisdiction over the Pennsylvania Minimum Wage Act ("PMWA") pursuant to 28 U.S.C. §1391(b).

### C.  Procedural Status of this Case

Upon the filing of the Amended Complaint on May 16, 2017, Defendants refiled their Motion to Dismiss. By Memorandum and Order of October 12, 2018 (ECF Nos. 24 and 25), the Honorable R. Barkley Surrick dismissed all of the Plaintiffs' minimum wage claims (Counts I, and II) except the claim of Plaintiff Geng for the singular period of January 31, 2015 to February 28, 2015, amounting to $246.76.  In sum, the basis for the dismissal of these minimum wage

---

[1] Defendants' Motion to Decertify the Conditional FLSA Collective Certification of March 5, 2019 (ECF No. 37), was filed with the Court on September 18, 2019, as prescribed by the Court's scheduling order. Plaintiffs' response to that Motion was due on either September 27, 2019 or October 2, 2019. Plaintiffs did not file any response to that motion and disavowed any claims for a collective and/or class group. By Order of October 7, 2019, the Court granted that Motion and ordered that "the matter will proceed with six individual Plaintiffs." (ECF No. 89). Thus, there remain in this case only the claims of the six named Plaintiffs in their individual capacities.

claims was that all of the Plaintiffs' minimum wage allegations (except for Plaintiff Geng for the 1 month period in 2015) showed that they did **in fact** receive the minimum wage required by the FLSA and the PMWA. The Court further dismissed Plaintiffs' alleged claims (Count VII) for violation of the PWPCL. The Court erroneously denied Defendants' motion to dismiss the Plaintiffs' alleged tip misappropriation claims on the mistaken notion that the tips belonged to the Plaintiffs. Plaintiffs did not file a Second Amended Complaint. Accordingly, the extant claims after Judge Surrick's ruling are (1) the minimum wage claim of only Plaintiff Geng for $246.76 for the period of only January 31, 2015 to February 28, 2015, (2) the overtime claims of Counts III and IV of the Amended Complaint and (3) the tip retention claims of Counts V and VI of the Amended Complaint.

In their Amended Complaint, Plaintiffs assert (1) that Plaintiffs Geng and Xie **only** (and not the other four Plaintiffs) are claiming in Count I that Defendants violated the FLSA by failing to pay these two Plaintiffs (and presumably any then purported opt-in plaintiffs) the minimum wage required by the FLSA; (2) in Count III, all named Plaintiffs claim that Defendants violated the overtime wage payment required by the FLSA; (3) only Plaintiffs Geng and Xie, and then purported putative class members, are now claiming in Count II the same minimum wage violations relying on the PMWA; (4) all named Plaintiffs claimed in Count IV unpaid overtime violations of the PMWA ; (5) all Plaintiffs assert in Count V and Count VI that Defendants allegedly "illegally" retained Plaintiffs' "Tips" in violation of the FLSA and the PMWA even though Plaintiff Xie (who was not a server as were the other five Plaintiffs) did not specifically allege that he was a tipped employee whose tips were unlawfully withheld (see ¶¶ 128 -140 of the Amended Complaint); and (6) in Count VII all Plaintiffs alleged that they were not paid "all wages owed to them" in violation of the PWPCL. **<u>Plaintiffs have maintained these</u>**

**claims despite the unequivocal dismissal by Judge Surrick of five of the named Plaintiffs' minimum wage claims and the PWPCL claims which dismissal is now law of the case.**

Thereafter, on November 2, 2018, Defendants filed their Answer to the Amended Complaint and on November 19, 2018, this case was reassigned to this Court. This Court then conducted the initial Rule 16 Conference and ordered that the case upon agreement of the Parties be referred to Magistrate Judge Thomas J. Rueter to pursue the potential for pretrial resolution of this case which was unsuccessful. (ECF No. 30).Thereafter, the Parties' Counsel exchanged their respective positions on the calculation of potential damages as well as the substantiality of the following remaining claims: (i) the minimum wage claim of Plaintiff Geng for the period of only January 31, 2015 to February 28. 2015, (ii) the overtime claims of Counts III and IV, and (iii) the tip retention claims of Counts V and VI. (Amended Complaint at ¶7).

Thereafter, the Court conducted a non-jury trial on October 28 and 29, 2019, at which witnesses were heard, evidence presented and arguments made. Upon conclusion of the evidence, Defendants made a Motion for Involuntary Dismissal, docketed on October 30, 2019 (ECF 111), and which the Court formally denied by Order of November 8, 2019 (ECF No. 114).

## II. PLAINTIFFS' CLAIMS AS ALLEGED AND AS THE RECORD EVIDENCE HAS DEMONSTRATED, HAVE NO SUBSTANTIVE BASIS FOR THE RELIEF REQUESTED

As demonstrated below, under the facts and the law, the Plaintiffs' claims[2] for alleged unpaid minimum wages, misappropriated tips, and the claimed one and one-half times the hourly

---

[2] As discussed per Court colloquy (10/29/19 NT 91-106), Defendants confirm that Plaintiff Xie is due overtime pay. He is due overtime pay for a total of 23 hours (26 hours minus 3 hours for meal time as per footnote 4 of Defendants' Proposed Post Trial Findings of Fact), as follows: $7.27 per hour x 1.5 hours x 23 hours = **$250.82** (see Paras.46 and 100 of Defendants' Proposed Post Trial Findings of Fact).

5

rate of overtime have proven not viable. Plaintiffs have not shown that under any of their varying and discordant versions of the facts they have put forth, and the evidentiary record cited in Defendants' Proposed Post Trial Findings of Fact, that there is any basis any of the relief they request (except as noted in Part E. below).

### A.     PLAINTIFFS HAVE NO CLAIM FOR MINIMUM WAGES

No more need be said regarding the wholly lacking claims for alleged unpaid minimum wages than Judge Surrick's findings that all of the Plaintiffs except Geng were paid the minimum wage. As to Geng, Judge Surrick erroneously found that Geng stated "a plausible minimum claim…for one portion of his employment."). Geng was paid $900 every half month for **only** a one month period (1/31/15 to 2/28/15), which Judge Surrick calculated to be $6.24 per hour instead of the statutory $7.25 per hour for a total underpayment of $246.76. However, Judge Surrick mistakenly calculated the $6.24 per hour amount by using the alleged total weekly hours of 65.5 rather than 62 hours per week when subtracting Geng's 35 minutes of daily meal period alleged in the Amended Complaint at ¶¶ 95, 105 and 106. Had Judge Surrick correctly deducted from the alleged weekly 65.5 hours the approximate 2.5 hours daily meal periods, then Geng's hourly rate would be $7.285 which satisfies the minimum wage of $7.25 per hour.[3]

---

[8.] The FLSA does not require employers to treat meal breaks as hours worked for purposes of calculating the hourly rate. 29 C.F.R. Section 785.19; *Smiley v. E.I. DuPont*, 839 F.3d 325, 335 (2016). No evidence has been adduced to show that Defendants expressly agreed to treat meal breaks as "work time" or compensable hours. Accordingly, the FLSA permits the deduction of meal break time as an offset to "hours worked". Judge Surrick's reading of *Smiley* is inapposite. (ECF 24 at 9).

### B.     PLAINTIFFS HAVE NO CLAIM FOR UNPAID TIPS

In that none of the named Plaintiffs had any entitlement to withheld tips, there can be no claim for those tips, and hence, there is no viable claim for such tips by the named Plaintiffs individually.

An elementary analysis of Plaintiffs' attempted proofs and projections of the amount of tips left by customers of Pin Wei shows that those proofs are based on supposition, speculation, anecdotal occurrences and generalities none of which prove the amount of tips allegedly improperly retained by Defendants or demonstrate statistical significance. At trial, Plaintiffs failed to adduce any accurate amount of tips left by customers for the Plaintiff servers (Tong, Tang, Chi, Geng and Yang) but instead resorted to unsound mathematical gymnastics. (See Paras. 33-43 of Defendants' Proposed Post Trial Findings of Fact). Only Plaintiff Tong attempted to delineate the tips paid by customers at Pin Wei through resort to Trial Exhibits 2, 4 and 12. The dramatic flaw of this effort is that he initially addressed only a few days of his 19 months of employment. No other Plaintiff presented any specific evidence of the amount of tips customers left during those Plaintiffs' respective tenures.

Further, in making their allegations in **Counts V and VI**, Plaintiffs have failed to allege that the tips they now claim were **not** encompassed in the amounts they admittedly were paid by Defendants.  Plaintiffs also have failed to satisfy the threshold question of whether the tips that they claim were illegally retained were actually unpaid wages within the meaning of 29 U.S.C. §203(m) and (f) of the FLSA, as well as within the meaning of 43 P.S. §333.103(d) (2). Title 29, Part 203(m) of the Code of Federal Regulations (2011) in defining "Wage" as relates to tips, provides in pertinent part:

> In determining the wage an employer is required to pay a

7

>tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to –
>
>>(1) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wages required to be paid such employee on August 20, 1996; and
>
>>(2) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (1) and the wage in effect under section 206(a)(1) of this title.

Section 206(a)(1) provides that the wage rate to be paid shall be $7.25 per hour. Examples and analyses of the amounts each server Plaintiff alleges that he was paid periodically, show that each Plaintiff received an amount well beyond that to which the $7.25 per hour mandated minimum would have entitled them. The additional amount paid to each of the Plaintiffs above the mandated minimum can represents the tips allocated to each.

As regards the substantive legal and judicial elements of Plaintiffs' unlawful tip retention claims, the FLSA, prior to the Tip Income Protection Act of March 2018 amendment to Section 203(m) of the FLSA, did not prevent or preclude an employer from retaining employee tips in circumstances where the employer did not take a tip credit against its minimum wage obligations and where the employee was paid the required minimum wage. In that Defendants did not make use of the tip credit against the minimum wage obligation and Plaintiffs were paid the required minimum wage, Plaintiffs have no entitlement to any tips retained by Defendants. Moreover, it has been established that the flat salary paid each Plaintiff was intended to and was understood by all as encompassing an amount to compensate for withheld tips as well as for all hours worked, whether 40 hours per workweek or more.

With further regard to the tip inclusion matter which was what Judge Reuter particularly asked the Parties to address, numerous commentaries and pre-March 2018 case law showing the

recent legislative and regulatory history of the tip credit, are addressed below. In sum, in promulgating the 2011 DOL Regulation 29 C.F.R. Section 531.32, purporting to interpret Section 203(m) of the FLSA, the DOL overreached in attempting to interpret the statutory language so as to give employees the right to receive tips even when they were paid the federal minimum wage of $7.25 per hour. This Regulation has "again and again" been discredited by most courts and commentators. That an employer "may not keep tips received by its employees for any purposes, … regardless of whether or not the employer takes a tip credit", **has been rejected** by "a consistent body of district court law [which] had held that Section 531.32 was not entitled to [*Chevron, U.S.A., Inc. v. Natural Res. Defense Council, Inc.,* 487 U.S. 837 (1984)] deference because 29 U.S.C. Section 203(m) was not ambiguous and thus there was no gap to be filled by regulation." *Malivuk v. AmeriPark, LLC.,* (2017 BL 195719, 11th Cir., unpublished 6/9/17 at p.5), affirming *Malivuk v. AmeriPark, LLC*, 2016 U.S. Dist. LEXIS 97093 (N.D. Ga, 7/26/16) (In granting AmeriPark's motion to dismiss plaintiff's claims, the court held that the provisions of Section 203(m) of the FLSA (which require, among other things, that tipped employees paid a tip credit rate retain all of their tips) did not apply to plaintiff and the other valets because AmeriPark was not taking the tip credit (i.e., using some or all of the tips to satisfy the minimum wage)). In other words, the court held that the requirement that tipped employees retain all of their tips only applies to those tipped employees who are paid a direct wage less than $7.25 per hour. See also, *Cumbie v. Woody Woo, Inc.,* 596 F.3d 577 (9th Cir. 2010); *Labriola v. Clinton Entertainment Management, LLC.* No. 15 C 4123, 2016 WL 1106862 at *4 (N.D. Ill. 3/22/2016) (The weight of authority holds that "Section 203(m)… does not require an employer to return tip money to an employee where the employer does not claim to have used those tips to satisfy the employees 'minimum wage."); *Brueningsen v. Resort Express*

*Inc.*, No. 2:12-CV-00843-DN, 2015 WL 339671, at *5 (D. Utah Jan. 26, 2015) ("Courts have held that Section 203(m) only prohibits an employer from retaining a portion or all of the tips if the employer pays a tipped employee less than the federal minimum wage and takes the tip credit, unless there is a valid tip pool. Thus, an employer is not prohibited from retaining an employee's tips if the employer does not take the tip credit,"), reconsideration denied, 2016 WL 1181683 (D. Utah Mar. 25, 2016) ("The DOL regulation 29 C.F.R. § 531.52 fails *Chevron* step-one because it departs from Congress' clear intent that tips are the property of the employee **only when an employer takes the tip credit.**" (Emphasis added)); *Mould v. NJG Food Serv. Inc.,* No. JKB-13-1305, 2014 WL 2768635, at *5 (D. Md. June 17, 2014) ("[T]he Court joins sister courts in finding that [DOL Regulation Section 531.32] is incompatible with the plain text of the statute and is therefore *ultra vires*.") ; *Stephenson v. All Resort Coach, Inc.,* No. 2:12-cv-1097 TS, 2013 WL 4519781, at *8 (D. Utah Aug. 26, 2013) ("[The DOL Regulation] runs contrary to the plain language and structure of Section 203(m)."); *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 563 (S.D.N.Y. 2013) ("[T]he Court is highly skeptical that DOL's regulations permissibly construe the statute; [U]nder a consistent body of case law, those FLSA [Section 203(m)] conditions apply only when the employer pays the employee below minimum wage and relies on a tip credit to supplement that wage.").

Given the substantial judicial rejection of the Obama administration's DOL 2011 promulgation of Regulation Section 531.52, the Trump administration's DOL in December 2017 proposed to rescind the 2011 Regulation Section 531.52 and proposed that employers could retain employee tips. In view of the fallout from this Trump Administration proposed new Regulation, the March 2018 omnibus budget spending bill included the Tip Protection Act of 2018 which for **the first time created a statutory provision prohibiting an employer from**

**keeping tips received by its employees regardless of whether or not the employer takes a "tip credit."**

That tipped employees no longer have to hand tips over to employers under the Tip Protection Act was an about face from the DOL proposal introduced in December 2017 that would have allowed employers to distribute tips at their discretion — **or pocket them** — as long as workers were paid at least the federal minimum wage of $7.25 an hour and employers did not take a tip credit. Moreover, implicit in the enactment of the Tip Protection Act was the recognition of the invalidity of the 2011 DOL Regulation 531.52 which most courts had dismantled and deconstructed in the years since its 2011 promulgation. Thus, contrary to any assertion that the 2011 DOL Regulation governed throughout the period of Plaintiffs' employment (2014-2017), the retention of Plaintiffs' tips during that period with respect to any employee who was paid a cash wage of **not** less than the full FLSA minimum wage of $7.25 and for whom Henderson Kitchen did **not** take an FLSA Section 203(m) tip credit, could not have been a violation of the FLSA.  Indeed, as late as April 2018, the DOL Wage and Hour Division in its Fact Sheet No. 15 maintained that it "will not enforce the DOL's regulations on the retention of employees' tips with respect to any employee who is paid a cash wage of not less than the full Fair Labor Standards Act (FLSA) minimum wage ($7.25) and for whom their employer does not take an FLSA section 3(m) tip credit."

Accordingly, the FLSA, prior to the Tip Income Protection Act of March 2018 amending Section 203(m) of the FLSA, did not prevent or preclude an employer from retaining employee tips in circumstances where the employer did not take a tip credit against its minimum wage obligations and where the employee was paid the required minimum hourly wage of $7.25. In that Defendants did not make use of the tip credit against the minimum wage obligation and

Plaintiffs were paid the required minimum wage, Plaintiffs have no entitlement to any tips retained by Defendants.

### C. PLAINTIFFS' UNPAID OVERTIME CLAIMS ARE NOT VIABLE AND ARE UNFOUNDED

Plaintiffs have asserted that they are each entitled to unpaid overtime pay calculated by multiplying each Plaintiffs' alleged hourly wage rate by the alleged approximate workweek of an average 65.5 hours consisting of 40 straight time hours plus 25.5 overtime hours paid at one and one-half times the alleged hourly rate.

The fallacy of this claim is that Plaintiffs were paid a flat salary (as non-exempt salaried employees) which was intended to and understood to include compensation for all hours, i.e., 40 hours plus all additional hours worked. In other words, each Plaintiff received an agreed upon monthly salary no matter whether he worked 65.5 hours per week or fewer hours. Plaintiffs asserted that "on average" they worked 65.5 hours per week. (ECF No. 14 at ¶¶ 41, 57, 74, 92, 112 and 131). This necessarily implies that in some weeks Plaintiffs worked fewer than 65.5 hours; yet, they still received their same flat salary, regardless. Thus, the flat monthly salary **bundled** the compensation for all hours worked as well as withheld tips. So, each of the five server Plaintiffs received compensation for all hours worked – straight time hours and overtime hours, whatever the latter happened to be.

As stated in *Desmond v. PNGI Charles Town Gaming, LLC,* 661 F. Supp. 2d 573, 580 (N.D.W.V. 2009) *on remand from* 630 F.3d 351 (4th Cir. 2011) *and affirmed in part and vacated in part at* 630 F.3d 351 (4th Cir. 2011).

> In the Fourth Circuit, it is only required that the employer and the employee have a clear, mutual understanding that the employer will pay the employee the fixed salary regardless of the hours worked. *Anderson v. County of Kershaw,* 1999 WL 55182, *1 (4th Cir. Feb. 8, 1999); *Flood v. New Hanover County,* 125 F.3d 249, 252 (4th Cir.1997); *Mayhew v. Wells,* 125 F.3d 216, 221

(4th Cir.1997); *Bailey v. County of Georgetown,* 94 F.3d 152, 156 (4th Cir.1996).

**Other courts are in accord**. *Clements v. Serco, Inc.,* 530 F.3d 1224, 1231 (10th Cir.2008) (citing *Mayhew* ); *Samson v. Apollo Resources, Inc.,* 242 F.3d 629, 637 (5th Cir.2001) (citing *Griffin, supra* and *Bailey, supra* ); *Valerio v. Putnam Associates Inc.,* 173 F.3d 35, 40 (1st Cir.1999) (citing *Bailey, supra* ); *Tumulty v. FedEx Ground Package System,* 2005 WL 1979104 (W.D.Wash. Aug.16, 2005). (Emphasis added).

Thus, the flat monthly salary was intended to and understood as bundling compensation for all hours worked as well as withheld tips. So, each server Plaintiff received compensation for all hours worked whatever the latter happened to be. By virtue of the conduct demonstrated at trial and as established by the record evidence (and as Defendants have shown), Plaintiffs have failed to prove by a preponderance of the evidence and as a matter of law that there is any basis for their claim that server Plaintiffs worked overtime hours for which they were not paid overtime pay, in violation of either the FLSA or the PMWA.

Accordingly, the Court must enter judgment on this unpaid overtime claim in favor of Defendants and against Plaintiffs except for Plaintiff Xie for whom judgment is to be entered in his favor in the amount of $250.82.

### D. PLAINTIFFS HAVE NO CLAIMS FOR LIQUIDATED DAMAGES AND THE APPLICABLE STATUTE OF LIMITATION IS TWO YEARS

There is nothing in the record to show that the Defendants' pay practices were undertaken in other than good faith or were done with willful and reckless disregard for the matter of whether their pay practices were protected by the FLSA and the PMWA.

As stated in *Souryavong v. Lackawanna County,* 872 F.3d 122 (3d Cir. 2017), *distinguished Stone v. Troy Construction*, LLC, (3d Cir. No. 18-1825, 8/20/2019): "The effect of a liquidated damages award is to double the unpaid …compensation. In this regard, 29

13

U.S.C. §216 provides that '[a]ny employer who violates the provisions of section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid…compensation and in an additional equal amount as liquidated damages'." Further, failure by Plaintiffs to prove that Defendants' pay practices were undertaken in willful and reckless disregard for the matter of whether their conduct was protected by the FLSA or the PAMWA, **results in there being a two year statute of limitations rather than a three year statute of limitations.**

    Mr. and Mrs. Kuo believed that the pay practices of the Restaurant were lawful (and at a minimum as to overtime, consistent with other Chinese Restaurants).  No one, including the Plaintiffs or Defendants' accountant disabused Defendants of their understanding that the pay practices comported with industry standards or were lawful (and at a minimum as to overtime, consistent with other Chinese Restaurants Defendants received no statement of wage and hour requirements from either the United States or Pennsylvania Departments of Labor. Defendants were only once solicited by some unknown third party to purchase wage and hour postings for the Restaurant which they declined due to expense, misapprehension, incomprehension and suspicion of the validity of what they were being offered. There is no record evidence to even suggest that Defendants' pay practices were undertaken in willful and reckless disregard of wage and hour laws and requirements. Defendants were not subjectively or objectively aware of any FLSA or PMWA problems, violations or regulations regarding their pay practices.

    Accordingly, Defendants have shown that they acted in good faith and Plaintiffs have failed to establish that Defendants' pay practices as alleged by Plaintiffs were either

14

known or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA or the PMWA,and Defendants demonstrated otherwise.

Further, in that the Amended Complaint was filed on 5/2/17, the two year statute of limitations runs back two years from that filing date, namely 5/2/15 as opposed to 3/17/17, in accordance with Rule 15(c) F.R.Civ.P. Thus, the period for any claims for relief are for any times worked between the following dates:

- Geng: 5/2/16 to 7/21/16 (Para. 44 Findings of Fact).

- Tong: 5/2/15 to 7/31/16 (10/28/19 NT 63-64)

- Tang: 5/2/15 to 8/32/15 (Para. 50 Findings of Fact)

- Chi: falls outside of the two year period (10/28/19 NT 6-14; Para. 52 Findings of Fact)

- Yang: 5/2/15 to 7/22/16 (Para. 54 Findings of Fact)

-Xie: 5/2/15 to 10/21/15 (Para. 46 Findings of Fact)

### E.     PLAINTIFF XIE'S ENTITLEMENT TO OVERTIME PAYMENT

As discussed per Court colloquy (10/29/19 NT 91-106), Defendants confirm that Plaintiff Xie is due overtime pay. He is due overtime pay for a total of 23 hours (26 hours minus 3 hours for meal time), as follows:

$7.27 per hour x 1.5 hours x 23 hours = **$250.82**.

### III. **CONCLUSION**

Accordingly, Defendants respectfully request that the Court enter Judgment in favor of Defendants and against Plaintiffs on all claims except for Plaintiff Xie for whom judgment is to be entered in his favor in the amount of $250.82. Further, the Court is requested to award to Defendants the costs and disbursements of this action, including reasonable attorney fees, and such other relief as this Court deems just and proper.

Respectfully submitted,

*/s/* Vincent J. Pentima

Vincent J. Pentima (Pa. ID No. 18523)
**PENTIMA LAW FIRM PLLC**
30 Rock Hill Road
Bala Cynwyd, PA 19004
Telephone: (484) 435-2119 (Office)
Cell: (267) 670-2796
Facsimile: (610) 668-3306
Email: vjp@pentimalaw.com

*Counsel for Defendants*

**Dated: December 13, 2019**

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that true and correct copies of the within **Defendants' Post Trial Memorandum** was served upon counsel of record on the below listed date via the Court's ECF filing system:

Gavin P. Lentz, Esquire
Vincent J. B.Van Laar, Esquire
Bochetto & Lentz
1524 Locust Street
Philadelphia, PA 19102
Email: glentz@bochettoandlentz.com
vvanlaar@bochetto andlentz.com
and

John Troy
Troy Law, PLLC
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Email:  johntroy@troypllc.com


 */s/ Vincent J. Pentima*
Vincent J. Pentima, Esquire (PA ID 18523)
**Pentima Law Firm PLLC**
30 Rock Hill Road
Bala Cynwyd, PA 19004
(484) 436-2119 (Office)
(267) 670-2796
**vjp@pentimalaw.com**
 *Attorneys for Defendants*

**Dated: December 13, 2019**