# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RUI TONG, et al.,** : | **CIVIL ACTION** |
| *Plaintiffs,* : | |
| v.  : | **No. 17-1073** |
|  : | |
| **HENDERSON KITCHEN, INC.,** : | |
| **et. al.,** : | |
| *Defendants.* : | |

## MEMORANDUM

### I.   INTRODUCTION

On February 19, 2020, following a bench trial, the Court issued findings of facts and conclusions of laws (ECF No. 124) and a separate order disposing of all claims between all parties (ECF No. 125).  Plaintiffs were seeking damages totaling $860,671.02 for all six Plaintiffs.  ECF No. 88-1.  The Court found in favor of five Plaintiffs in an amount totaling $59,891.38.  ECF No. 125.  Before the Court is Plaintiffs' Motion for Attorney's Fees, filed on June 15, 2020, wherein Plaintiffs seek $141,960.38 in attorney's fees and costs.  ECF No. 129.

### II.   BACKGROUND

On May 2, 2017, Plaintiffs filed an Amended Complaint alleging seven counts under the Fair Labor Standards Act, the Pennsylvania Minimum Wage Act, 29 U.S.C. §203(m) and (t), 43 P.S. § 333.103(d)(2), and the Pennsylvania Wage Payment and Collection Law.  ECF No. 17.  Defendants filed a partial motion to

dismiss, seeking to dismiss Counts I, II, V, VI, and VII. ECF No. 18. The Honorable R. Barclay Surrick granted Defendants' Motion to Dismiss as to Counts I and II for every Plaintiff except Plaintiff Chuan Geng; denied Defendants' Motion to Dismiss as to Counts V and VI; and granted Defendants' Motion to Dismiss as to Count VII for all Plaintiffs. ECF No. 25. After this order, the only remaining claims were Counts I and II as to Plaintiff Chuan Geng only and Counts III, IV, V, and VI as to all Plaintiffs. *Id*. On November 19, 2018, this matter was reassigned from the calendar of the Honorable R. Barclay Surrick to the calendar of the Honorable Chad F. Kenney for all further proceedings. ECF No. 28.

This Court held a bench trial in this matter on October 28 and 29, 2019. ECF No. 113. After the bench trial, the parties submitted post trial briefing, including proposed findings of fact and conclusions of law. ECF Nos. 119, 120, 122. In Plaintiffs' post trial Proposed Findings of Facts and Conclusions of Law, Plaintiffs argued that they were entitled to damages for unpaid wages, improperly withheld tips, liquidated damages, and attorney's fees. ECF No. 122. Defendants, in their post trial memorandum, "request[ed] that the Court enter Judgment in favor of Defendants and against Plaintiffs on all claims except for Plaintiff Xie." ECF No. 120. On February 19, 2020, this Court issued findings of fact and conclusions of law (ECF No. 124) and separately issued an order titled "Verdict," and labeled "Order-Verdict" on the docket (ECF No. 125). In the Court's Findings of Fact and

Conclusions of Law, the Court held that Plaintiff Chuan Geng (the only Plaintiff with a remaining claim under Counts I and II) was not entitled to damages under Counts I and II for minimum wage claims, five of six Plaintiffs were entitled to damages under Counts III and IV for overtime claims, no Plaintiffs were entitled to damages under Counts V and VI for tip credit claims, and the five Plaintiffs entitled to damages for their overtime claims were also entitled to liquidated damages on those claims. ECF No. 124.

In the Court's February 19, 2020 Order, titled "Verdict" and labeled "Order-Verdict" on the docket, this Court found "[i]n favor of Defendants . . . against Plaintiff Ya-Tang Chi," "[i]n favor of Plaintiff Rui Tong and against Defendants . . . in the sum of $21,908.28," "[i]n favor of Plaintiff Junyi Xie and against Defendants . . . in the sum of $747.66," "[i]n favor of Plaintiff Weijan Tang and against Defendants . . . in the sum of $7,007.92," "[i]n favor of Plaintiff Kun Yang and against Defendants . . . in the sum of $12,138.72," and "[i]n favor of Plaintiff Chuan Geng and against Defendants . . . in the sum of $18,088.80." ECF No. 125. With this order, on February 19, 2020, the Court disposed of all claims as to all parties. *Id*. Currently before the Court is Plaintiffs' Motion for Attorney's Fees, which Plaintiffs filed on June 15, 2020. ECF No. 129. Defendants oppose Plaintiffs' Motion for Attorney's Fees, contending it is untimely and should not be considered by the Court. ECF No. 130.

### III.  ANALYSIS

Federal Rule of Civil Procedure 54 requires that a motion for attorney's fees "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). Federal Rule of Civil Procedure 54 further specifies that "'[j]udgment' as used in these rules includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Furthermore, 28 U.S.C. § 1291 specifies that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291.

"An order dismissing some, but not all, of a party's claims is neither a decree nor an order from which an appeal lies; rather, such an order is interlocutory in nature." *Bridges v. Colvin*, 136 F. Supp. 3d 620, 628 (E.D. Pa. 2015), aff'd sub nom. *Bridges v. Comm'r Soc. Sec.*, 672 F. App'x 162 (3d Cir. 2016). Therefore, the "judgment to be appealable should be final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved." *Id.* (quoting *Andrews v. United States*, 373 U.S. 334, 340 (1963)). Furthermore, "it is clear that no talismanic formulation is required for a document entered by the Court disposing of all claims between the parties to be effective as a judgment." *Pozzi v. Smith*, 171 F.R.D. 175, 177–78 (E.D. Pa. 1997) (citing 11 Wright & Miller, Federal Practice & Procedure, § 2785 at 22 (2d ed. 1995) ("[N]o particular form of words is required in a judgment [to satisfy Rule 58].").

If a motion for attorney's fees is filed after the time to file has expired, "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996) ("[T]he district court can extend the time for motions under [Rule 54(d)(2)(B)].").

Before the court permits an untimely motion, "a party must make a formal motion for extension of time and the district court must make a finding of excusable neglect" by considering the factors articulated by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993). *Drippe v. Tobelinski*, 604 F.3d 778, 784-85 (3d Cir. 2010). "Under *Pioneer*, the excusable neglect inquiry must consider 'all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice . . ., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Id.* (alteration in original) (quoting *Pioneer*, 507 U.S. at 395).

Fourteen days after the Court's February 19, 2020 Order disposing of all claims as to all parties was March 4, 2020. On June 15, 2020, over three months after this deadline, Plaintiffs filed a motion for attorney's fees contending that their motion was timely because judgment was not entered in this matter. ECF No. 129-

4 at 5.  In the alternative, Plaintiffs contend that the Court should still consider their motion because Plaintiffs' delay was the result of excusable neglect.  *Id*. at 5-6 (citations omitted).

Plaintiffs contend, "[i]n the Chinese-American community where our firm practices, panic and chaos were already beginning to set in because of the COVID-19 pandemic; Governor Cuomo would issue his shelter-in-place order on March 23, 2020."  *Id*. at 6.  Plaintiffs contend that their "ability to do business has been negatively affected since then."  *Id*.  Plaintiffs further contend that their delay of "about three months" is not significant and that Defendants were not prejudiced by this delay.  *Id*.

Defendants respond that the Court's February 19, 2020 Order was a judgment under Federal Rule of Civil Procedure 54 because the Court's memorandum and verdict "were rendered and docketed after a bench trial at which the parties had full opportunity to present all of their claims and defenses and to present post trial submissions; they constitute the last decision from this Court that resolved all of the issues in dispute and settled the parties' rights with respect to those issues."  ECF No. 130 (citations omitted).  Therefore, Defendants contend that Plaintiffs' Motion for Attorney's Fees is untimely and must be denied.  *Id*.

Defendants further state that Plaintiffs' assertion that their delay was caused by excusable neglect due to the coronavirus is baseless. *Id*. at 8. Defendants note that Plaintiffs' "assertion that Counsels' ability to do business was negatively affected from 2/19/20 to the 6/5/20 initial filing of the Motion due to COV[I]D-19 is belied by even a cursory review of the most recent 150 plus additional cases Counsel certifies to have been involved in during that period." *Id*. at 9. Defendants further note that, during this period, Plaintiffs' counsel filed three complaints and two amended complaints, and also filed substantive documents, including an "opposition to dismissal motion, class certification litigation and motion to disqualify." *Id*. Defendants contend that it only took Plaintiffs' counsel 4.5 hours to complete their motion for attorney's fees, and that the COVID-related orders from the Eastern District of Pennsylvania expressly provided for the continuation of electronic filing. *Id*. Finally, Defendants contend that Plaintiffs' "assertion of 'panic and chaos' among the Chinese community is . . . unrelated to Counsels' preparing and filing the instant Motion." *Id*.

In Plaintiffs' reply, Plaintiffs contend that "[i]t is not 'self-evident,' as Defendants claim, that the Court's February 9, 2020 Memorandum and Verdict constitute an entered judgment for the purposes of Rule 54(d)(2)(B)(i)." ECF No. 131 at 5. Plaintiffs contend that "Rule 54(b) 'requires that the imprimatur or stamp of finality be put upon any judgment entered by the trial court disposing of a cause

of action that there is no just reason for delay and by an express direction to enter judgment' before the Court of Appeals can have jurisdiction over it as a final decision of the District Court." *Id*. (quoting *Distributive, Processing & Office Workers Union v. McKague*, 216 F.2d 153, 155 (3d Cir. 1954)).  Plaintiffs claim that "[n]either the Memorandum nor the Verdict contains a determination that there is no just reason for the Clerk to delay entering judgment, or indeed a direction for the Clerk to enter judgment at all." *Id*. at 6.

Plaintiffs further contend that "Rule 58 provides that '[e]very judgment and amended judgment must be set out in a separate document,'" and Rule 58 is clear "that judgment is to be entered by the Clerk where the court awards a sum certain." *Id*.  Plaintiffs state "[i]t follows logically from the plain text of the rule that a Court's award of a sum certain to a party is not in itself a judgment." *Id*.  Plaintiffs claim that their motion is therefore timely, "[b]ecause the Clerk has not entered a judgment in a separate document as required by Rule 58, judgment will be entered for purposes of the Rules on July 18, 2020, 150 days from the filing of the Memorandum and Verdict." *Id*.

Plaintiffs reiterate that, even if the Court considers their Motion for Attorney's Fees untimely, Plaintiffs' delay was excusable neglect based on the coronavirus pandemic.  *Id*. at 7.  Plaintiffs note, "[t]hat COVID-19 adversely affected our ability to do business can be seen from numerous filings requesting

extensions and adjournments in, for instance," a list of 13 cases. *Id.* at 8. Finally, Plaintiffs contend that "District Courts in the Third Circuit have exercised their discretion to grant lengthy extensions of pending deadlines in light of COVID-19." *Id.* (citing *Easley v. Tritt*, No. 17-cv-00930, 2020 U.S. Dist. LEXIS 68625, at *36 (M.D. Pa. Apr. 20, 2020) (extending time for incarcerated *pro se* plaintiff to complete discovery and file dispositive motions); *Shuler v. TimePayment Corp.*, No. 19-cv-04160, 2020 U.S. Dist. LEXIS 98869, at *12–14 (E.D. Pa. June 5, 2020) (extending time for *pro se* plaintiff to effect service).

    1. <u>Timeliness of Plaintiffs' Motion for Attorney's Fees</u>

The Court finds that Plaintiffs' Motion for Attorney's Fees is untimely. First, the Court's February 19, 2020 Order, titled "Verdict," is a judgment as defined in Rule 54 because it disposed of all claims in this lawsuit between all parties.[1] The Court was not required to label its order disposing of all claims as a "judgment" for it to be effective as a judgment. *See Pozzi*, 171 F.R.D. at 177–78 ("[I]t is clear that no talismanic formulation is required for a document entered by the Court disposing of all claims between the parties to be effective as a judgment.").

---

[1] Plaintiffs imply that Defendants' outstanding Bill of Costs in this matter prevents the Court's February 19, 2020 Order from being a judgment because the bill of costs remains "un-disposed of by the Court." ECF No. 131 at 6. This contention is unsupported by law.

Furthermore, Federal Rule of Civil Procedure 54(b) only requires that the Court direct entry of a final judgment where the Court has disposed of "one or more, but fewer than all, claims or parties." Fed. R. Civ. P. 54(b). As the Court's February 19, 2020 Order was final as to all the parties and disposed of all the causes of action involved, the Court was not required to direct entry of a final judgment. Fed. R. Civ. P. 54(b).

In addition, Plaintiffs' contention that the Court's February 19, 2020 Order is not a "judgment" because the "Clerk has not entered a judgment in a separate document" as required by Federal Rule of Civil Procedure 58 is a misstatement of the separate document requirement. ECF No. 131 at 6. "The separate document requirement under Rule 58 does not compel . . . that the order for relief must be set out in a document separate from the judgment." *Pozzi*, 171 F.R.D. at 178. "Rather, the separate document requirement under Rule 58 mandates that the document containing the order for relief or judgment be set out on a separate document apart from the memorandum or opinion which provides the legal basis for the Court's decision." *Id*.

"In order to satisfy the separate document requirement, a judgment must, generally speaking, 'be a self-contained document, saying who has won and what relief has been awarded, but omitting the reasons for this disposition, which should appear in the court's opinion.'" *Local Union No. 1992 of Int'l Bhd. of Elec.*

*Workers v. Okonite Co.*, 358 F.3d 278, 284 (3d Cir. 2004), as amended (Jan. 27, 2004) (quoting James Wm. Moore et al., Moore's Federal Practice ¶ 58.05[4][a] (3d ed. 2003)) (internal citations omitted). Furthermore, "[t]he order's denomination as an 'order,' rather than a 'judgment,' does not mean that it fails to satisfy the separate document requirement." *Id*. at 285.

As the Court's February 19, 2020 Order was a self-contained document, was separate from the Court's Findings of Facts and Conclusions of Law, stated whether each Plaintiff won and the relief each Plaintiff was awarded, and did not state the reasons for the Court's disposition, it satisfies the separate document requirement. *See Okonite*, 358 F.3d at 284.

Therefore, Plaintiffs' Motion for Attorney's Fees was required to be filed "no later than 14 days after the entry of judgment," which was March 4, 2020. Fed. R. Civ. P. 54(d)(2)(B)(i). As Plaintiffs did not file their motion until June 15, 2020, their motion is untimely. ECF No. 129.

2. Whether to Allow Plaintiffs' Untimely Motion

However, the Court must next consider whether to allow Plaintiffs' untimely motion under Federal Rule of Civil Procedure 6(b) by determining "if [Plaintiffs] failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). First, "a party must make a formal motion for extension of time and the district court must make

a finding of excusable neglect, under the *Pioneer* factors, before permitting an untimely motion." *Drippe*, 604 F.3d at 785. Plaintiffs' Motion for Attorney's Fees is not a formal motion for extension of time, though Plaintiffs do request that the Court consider their untimely motion. *See* ECF No. 129 ("Because this motion is timely, or alternatively, because the neglect in filing was excusable, the Court should grant leave to file it.")

Yet, even construing Plaintiffs' Motion for Attorney's Fees as a formal motion for extension of time, the *Pioneer* factors do not weigh in favor of the Court finding excusable neglect and permitting Plaintiffs' untimely motion. "Under *Pioneer*, the excusable neglect inquiry must consider 'all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice . . ., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Drippe*, 604 F.3d at 785 (alterations in original) (quoting *Pioneer*, 507 U.S. at 395). "All factors must be considered and balanced; no one factor trumps the others." *In re Am. Classic Voyages Co.*, 405 F.3d 127, 133 (3d Cir. 2005).

First, Defendants have suffered prejudice because Plaintiffs filed their Motion for Attorney's Fees long after the time to appeal had lapsed. This deprived Defendants of notice of Plaintiffs' claim for attorney's fees, which may have

affected Defendants' decision to appeal. *See Franlogic Scout Dev., LLC v. Scott Holdings, Inc.*, No. CV 16-5042, 2018 WL 2002203, at *3-4 (E.D. Pa. Apr. 30, 2018) ("Petitioners would suffer prejudice if Respondent was permitted to file its Motion for Attorneys' Fees" because "[o]ne purpose of the fourteen-day deadline in Rule 54(d)(2)(B) is to provide notice to the opposing party of the claim for attorneys' fees before the time to appeal has lapsed."); *Hardin v. Se. Pa. Transp. Auth.*, No. Civ. A. 91-7434, 1998 WL 54713, at *4 (E.D. Pa. Jan. 6, 1998) ("The purpose of Rule 54(d)(2)(B) is to provide the opposing party and the court with notice of the motion for fees.").

Although Plaintiffs stated in their post trial Proposed Findings of Facts and Conclusions of Law that they would seek attorney's fees, Plaintiffs did not provide Defendants with an amount or a fair estimate of those fees. ECF No. 122; *see* Fed. R. Civ. P. 54, Advisory Committee Notes, 1993 Amendments (noting that "[w]hat is required is the filing of a motion sufficient to alert the adversary and the court that there is a claim for fees, and the amount of such fees (or a fair estimate)."). Plaintiffs were seeking damages totaling $860,671.02 for all six Plaintiffs. ECF No. 88-1. The Court found in favor of five Plaintiffs in an amount totaling $59,891.38. ECF No. 125. Plaintiffs now seek $141,960.38 in attorneys' fees and costs. ECF No. 129-1 at 26. As Defendants' time to appeal lapsed without Defendants knowing that Plaintiffs would attempt to seek almost 2.4 times the

amount of their award in attorney's fees and costs, Defendants have been prejudiced by Plaintiffs' delay in filing their Motion for Attorney's Fees. Therefore, this factor weighs in favor of not finding excusable neglect.

Second, Plaintiffs filed their Motion for Attorney's Fees over three months after the deadline set by Rule 54(d)(2)(B)(i).  A delay of over three months, when the original deadline was fourteen days, and where Defendant's time to appeal had lapsed three months earlier, is, at best, a neutral factor.  *See Franlogic*, 2018 WL 2002203, at *4.

Third, in terms of Plaintiffs' proffered reason for the delay, Plaintiffs have not shown how the COVID-19 pandemic actually affected or delayed counsel's ability to file a motion for attorney's fees or, at the least, a motion for extension of time to file their motion for attorney's fees before the deadline passed.  Though Plaintiffs' counsel notes that Governor Cuomo declared a state of emergency on March 7, 2020, this was three days *after* the deadline had passed.  ECF No. 129-4 at 6.  Furthermore, the Eastern District of Pennsylvania has continued to accept electronic filings throughout the COVID-19 pandemic.

Plaintiffs vaguely claim that, "[i]n the Chinese-American community where our firm practices, panic and chaos were already beginning to set in because of the COVID-19 pandemic," but they do not explain specifically what prohibited them

from filing a motion for attorney's fees, a motion for extension of time, or communicating in any other way with the Court to indicate there would be a delay. Furthermore, Defendants note that, in the period between the Court's February 19, 2020 Order and the date Plaintiffs filed their Motion for Attorney's Fees, Plaintiffs were able to file a number of other complaints, amended complaints, and substantive motions in other matters.  ECF No. 130 at 9.  Though Plaintiffs cite 13 cases in which they requested extensions of deadlines for discovery and time to serve to show how they were affected by COVID-19, Plaintiffs made at least nine of these requests *before* the deadline had passed.  ECF No. 131 at 8.  By contrast, Plaintiffs filed the instant motion three months *after* their original deadline had passed.  Though Plaintiffs did not have "reasonable control" over COVID-19, Plaintiffs do not explain with any level of detail how COVID-19 caused them to file their Motion for Attorney's Fees over three months after the deadline. Therefore, this factor weighs against a finding of excusable neglect.

Finally, Plaintiffs do not show that they acted in good faith.  The Third Circuit has held that "a party acts in good faith when he acts with 'reasonable haste to investigate the problem and to take available steps toward a remedy." *In re Smiles*, 600 Fed.Appx. 838, 841 (3d Cir. 2015) (quoting *In re Cendant Corp. PRIDES Litig.*, 235 F.3d 176, 184 (3d Cir. 2000)).  Here, Plaintiffs have failed to explain how they acted in good faith, whether they knew they had passed the

deadline to file for attorney's fees, what actions they took once they realized the deadline had passed, and whether they acted with any "reasonable haste." Giving Plaintiffs the benefit of the doubt, this factor is, at best, neutral.

Considering all of the circumstances, the *Pioneer* factors weigh, on balance, against a finding of excusable neglect.

## IV.   CONCLUSION

For the foregoing reasons, the Court will deny Plaintiffs' Motion for Attorney's Fees as untimely.  To the extent Plaintiffs' Motion for Attorney's Fees is considered a motion for extension of time to file a motion for attorney's fees, the Court will deny this request.  An appropriate order will follow.

**BY THE COURT:**

**DATED: September 1, 2020**        **/s/ Chad F/ Kenney**
                                    **CHAD F. KENNEY, J.**