## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RUI TONG, et al.,** | : | **CIVIL ACTION** |
| *Plaintiffs,* | : | |
| **v.** | : | **No. 17-1073** |
| | : | |
| **HENDERSON KITCHEN, INC.,** | : | |
| **et. al.,** | : | |
| *Defendants.* | : | |

### MEMORANDUM

## I.   INTRODUCTION

Defendants filed a bill of costs with the Clerk of Court following a bench trial pursuant to Fed. R. Civ. P. 54(d)(1).  The Clerk of Court denied all costs claimed by Defendants because the Clerk was unable to determine whether Defendants were the prevailing party.  Defendants filed the instant Motion for Review of the Clerk's Denial of Taxable Costs to Defendants requesting that the Court find that Defendants are the prevailing party in this matter and award Defendants their requested costs.  ECF No. 135.

## II.   BACKGROUND

On May 2, 2017, Plaintiffs filed an Amended Complaint alleging seven counts under the Fair Labor Standards Act, the Pennsylvania Minimum Wage Act, 29 U.S.C. §203(m) and (t), 43 P.S. § 333.103(d)(2), and the Pennsylvania Wage Payment and Collection Law.  ECF No. 17.  Defendants filed a partial motion to

dismiss, seeking to dismiss Counts I, II, V, VI, and VII.  ECF No. 18.  The

Honorable R. Barclay Surrick granted Defendants' Motion to Dismiss as to Counts

I and II for every Plaintiff except Plaintiff Chuan Geng; denied Defendants'

Motion to Dismiss as to Counts V and VI; and granted Defendants' Motion to

Dismiss as to Count VII for all Plaintiffs.  ECF No. 25.  After this order, the only

remaining claims were Counts I and II as to Plaintiff Chuan Geng only, and Counts

III, IV, V, and VI as to all Plaintiffs.  *Id*.  On November 19, 2018, this matter was

reassigned from the calendar of the Honorable R. Barclay Surrick to the calendar

of the Honorable Chad F. Kenney for all further proceedings.  ECF No. 28.

This Court held a bench trial in this matter on October 28 and 29, 2019.

ECF No. 113.  On February 19, 2020, the Court issued findings of facts and

conclusions of laws (ECF No. 124) and an order disposing of all claims between

all parties (ECF No. 125).  The Court found in favor of five Plaintiffs in an amount

totaling $59,891.38.  ECF No. 125.  The Court found in favor of Defendants

against Plaintiff Ya-Tang Chi.  *Id*.  Plaintiffs filed a Motion for Attorney's Fees,

which the Court denied as untimely.  ECF No. 133.  Defendants filed a bill of costs

with the Clerk of Court asserting that "[j]udgment ha[s] been entered in the above

entitled action on 2/19/2020 against Plaintiffs" and requesting $7,511.39 in costs

pursuant to Fed. R. Civ. P. 54(d)(1).  ECF No. 126.  The Clerk of Court denied

Defendants' Bill of Costs because the Clerk was unable to determine whether

Defendants were the prevailing parties for purposes of taxing costs.  ECF No. 134.

Defendants then filed the instant Motion for Review of the Clerk's Denial of

Taxable Costs to Defendants, requesting that the Court find that Defendants are the

prevailing party in this matter and award Defendants their requested costs.  ECF

No. 135.

## III.   <u>ANALYSIS</u>

Defendants contend that they are the prevailing parties in this litigation

because Plaintiffs prevailed in only their unpaid overtime claims.  ECF No. 135 at

3, 5.  Defendants note that six Plaintiffs sought damages totaling $860,671.02, but

the Court awarded five Plaintiffs only $59,891.38, "which amounts to only 6.9% of

their claims."  *Id*. at 3.  Defendants argue that because Defendants prevailed on all

of the other claims against Plaintiffs, they are the prevailing parties in this matter.

*Id*.

Fed. R. Civ. P. 54(d)(1) states that "[u]nless a federal statute, these rules, or

a court order provides otherwise, costs—other than attorney's fees—should be

allowed to the prevailing party."  The Fair Labor Standards Act ("FLSA") further

states, "[t]he court in such action shall, in addition to any judgment awarded to the

plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant,

and costs of the action."  29 U.S.C. § 216.

"In th[e Third] Circuit, the standard used for determining prevailing party status is 'whether plaintiff achieved some of the benefit sought by the party bringing the suit.'" *Tyler v. O'Neill*, 112 F. App'x 158, 161 (3d Cir. 2004) (quoting *Institutionalized Juveniles v. Sec'y of Public Welfare*, 758 F.2d 897, 926 (3d Cir. 1985)) (citations omitted). "Ordinarily, a party in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)." *Tyler*, 112 F. App'x at 161 (quoting 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2667 (3d ed.1998)).

"Where a defendant successfully defends against a plaintiff's substantial claims and judgment is entered accordingly, the defendant is generally considered the prevailing party for purposes of Rule 54(d)(1)." *Tyler*, 112 F. App'x at 161 (3d Cir. 2004) (citing *Russian River Watershed Protection Comm. v. City of Santa Rosa*, 142 F.3d 1136, 1144 (9th Cir. 1998)).

Defendant's only claim to prevailing party status is that Plaintiffs did not succeed on all claims against Defendants nor were Plaintiffs awarded all of the money requested against Defendants. Defendants further fail to cite any caselaw indicating that Defendants are the prevailing party under these circumstances. The Court found that Defendants violated the FLSA and awarded damages to Plaintiffs totaling $59,891.38. ECF No. 125. Therefore, Defendants did not "successfully defend[] against [] plaintiff's substantial claims." *Tyler v. O'Neill*, 112 F. App'x

158, 161 (3d Cir. 2004) (citations omitted).  The Court finds that Defendants are not the prevailing party for the purposes of Fed. R. Civ. P. 54(d)(1) and are therefore not entitled to costs.[1]

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, this Court will deny Defendants' Motion for Review of the Clerk's Denial of Taxable Costs to Defendants.  An appropriate order will follow.

**BY THE COURT:**

**DATED: <u>December 22, 2020  </u>**          <u>**Chad F. Kenney**        </u>

**CHAD F. KENNEY, J.**

---

[1] The Court did find judgment in favor of Defendants against Plaintiff Ya-Tang Chi.  ECF No. 125.  However, the costs associated with defending against Plaintiff Ya-Tang Chi's claims were substantially the same as against all Plaintiffs, and the Bill of Costs does not reflect any costs specifically incurred as to Plaintiff Ya-Tang Chi.  ECF No. 126.  Therefore, the Court find that Defendant is not entitled to any costs as to Plaintiff Ya-Tang Chi.